CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Christopher A. Seabock, Esq., SBN 279640
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
ChrisS@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rafael Arroyo, Jr.**, <br><br> Plaintiff, <br><br> v. <br><br> **Ralphs Grocery Company**, an Ohio Corporation; and Does 1-10, <br><br> Defendants. | **Case No**. 8:20-cv-00729-DOC-DFM <br><br> **First Amended Complaint For Injunctive Relief For Violations Of:** American's With Disabilities Act |

Plaintiff Rafael Arroyo, Jr. complains of Ralphs Grocery Company, an Ohio Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility.

2.  Defendant Ralphs Grocery Company owned Food 4 Less located at or about 914 W. Orangethorpe Avenue, Fullerton, California, in March 2020.

3.  Defendant Ralphs Grocery Company owns Food 4 Less ("Store") located at or about 914 W. Orangethorpe Avenue, Fullerton, California, currently.

4.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative

1

1    responsibilities in causing the access violations herein complained of, and alleges a

2    joint venture and common enterprise by all such Defendants. Plaintiff is informed

3    and believes that each of the Defendants herein, including Does 1 through 10,

4    inclusive, is responsible in some capacity for the events herein alleged, or is a

5    necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend

6    when the true names, capacities, connections, and responsibilities of the Defendants

7    and Does 1 through 10, inclusive, are ascertained.

8

9    **JURISDICTION & VENUE:**

10   5.    The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C.

11   § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act

12   of 1990, 42 U.S.C. § 12101, et seq.

13   6.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded

14   on the fact that the real property which is the subject of this action is located in this

15   district and that Plaintiff's cause of action arose in this district.

16

17   **FACTUAL ALLEGATIONS:**

18   7.    Plaintiff went to the Store in March 2020 with the intention to avail himself of

19   its goods and to assess the business for compliance with the disability access laws.

20   8.    The Store is a facility open to the public, a place of public accommodation, and

21   a business establishment.

22   9.    Unfortunately, on the date of the plaintiff's visit, the defendants failed to

23   provide wheelchair accessible ticket dispensers in the deli and meat sections of the

24   Store in conformance with the ADA Standards as it relates to wheelchair users like

25   the plaintiff.

26   10. On information and belief, the defendants currently fail to provide wheelchair

27   accessible ticket dispensers in the deli and meat sections of the Store.

28   11. Additionally, on the date of the plaintiff's visit, the defendants failed to

First Amended Complaint                                        Case No.: 8:20-cv-00729-DOC-DFM

1   provide wheelchair accessible bags in the pre-packed meat section of the Store in

2   conformance with the ADA Standards as it relates to wheelchair users like the

3   plaintiff.

4        12. On information and belief, the defendants currently fail to provide wheelchair

5   accessible bags in the pre-packed meat section of the Store.

6        13. These barriers relate to and impact the plaintiff's disability. Plaintiff

7   personally encountered these barriers.

8        14. As a wheelchair user, the plaintiff benefits from and is entitled to use

9   wheelchair accessible facilities. By failing to provide accessible facilities, the

10   defendants denied the plaintiff full and equal access.

11        15. The defendants have failed to maintain in working and useable conditions

12   those features required to provide ready access to persons with disabilities.

13        16. The barriers identified above are easily removed without much difficulty or

14   expense. They are the types of barriers identified by the Department of Justice as

15   presumably readily achievable to remove and, in fact, these barriers are readily

16   achievable to remove. Moreover, there are numerous alternative accommodations

17   that could be made to provide a greater level of access if complete removal were not

18   achievable.

19        17. Plaintiff will return to the Store to avail himself of its goods and to determine

20   compliance with the disability access laws once it is represented to him that the Store

21   and its facilities are accessible. Plaintiff is currently deterred from doing so because

22   of his knowledge of the existing barriers and his uncertainty about the existence of

23   yet other barriers on the site. If the barriers are not removed, the plaintiff will face

24   unlawful and discriminatory barriers again.

25        18. Given the obvious and blatant nature of the barriers and violations alleged

26   herein, the plaintiff alleges, on information and belief, that there are other violations

27   and barriers on the site that relate to his disability. Plaintiff will amend the complaint,

28   to provide proper notice regarding the scope of this lawsuit, once he conducts a site

First Amended Complaint                                    Case No.: 8:20-cv-00729-DOC-DFM

1    inspection. However, please be on notice that the plaintiff seeks to have all barriers

2    related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008)

3    (holding that once a plaintiff encounters one barrier at a site, he can sue to have all

4    barriers that relate to his disability removed regardless of whether he personally

5    encountered them).

6

7    **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH**

8    **DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.)

9    (42 U.S.C. section 12101, et seq.)

10      19. Plaintiff re-pleads and incorporates by reference, as if fully set forth again

11   herein, the allegations contained in all prior paragraphs of this complaint.

12      20. Under the ADA, it is an act of discrimination to fail to ensure that the

13   privileges, advantages, accommodations, facilities, goods and services of any place

14   of public accommodation is offered on a full and equal basis by anyone who owns,

15   leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a).

16   Discrimination is defined, inter alia, as follows:

17          a.  A failure to make reasonable modifications in policies, practices, or

18             procedures, when such modifications are necessary to afford goods,

19             services, facilities, privileges, advantages, or accommodations to

20             individuals with disabilities, unless the accommodation would work a

21             fundamental alteration of those services and facilities. 42 U.S.C.

22             § 12182(b)(2)(A)(ii).

23          b.  A failure to remove architectural barriers where such removal is readily

24             achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by

25             reference to the ADA Standards.

26          c.  A failure to make alterations in such a manner that, to the maximum

27             extent feasible, the altered portions of the facility are readily accessible

28             to and usable by individuals with disabilities, including individuals who

1   use wheelchairs or to ensure that, to the maximum extent feasible, the

2   path of travel to the altered area and the bathrooms, telephones, and

3   drinking fountains serving the altered area, are readily accessible to and

4   usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

5   21. When a business provides facilities such as ticket dispensers, it must provide

6   accessible ticket dispensers.

7   22. Here, accessible ticket dispensers have not been provided in the deli and meat

8   sections of the Store in conformance with the ADA Standards.

9   23. When a business provides facilities such as bags at the pre-packed meat

10   section, it must provide accessible bags in the pre-packed meat section.

11   24. Here, accessible bags at the pre-packed meat section have not been provided

12   in conformance with the ADA Standards.

13   25. The Safe Harbor provisions of the 2010 Standards are not applicable here

14   because the conditions challenged in this lawsuit do not comply with the 1991

15   Standards.

16   26. A public accommodation must maintain in operable working condition those

17   features of its facilities and equipment that are required to be readily accessible to

18   and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

19   27. Here, the failure to ensure that the accessible facilities were available and

20   ready to be used by the plaintiff is a violation of the law.

21

22

23

24

25

26

27

28

First Amended Complaint                                   Case No.: 8:20-cv-00729-DOC-DFM

1   **PRAYER**:

2        Wherefore, Plaintiff prays that this Court provide relief as follows:

3        1. For injunctive relief, compelling Defendants to comply with the Americans

4   with Disabilities Act. Note: the plaintiff is not invoking section 55 of the California

5   Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

6        2. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to

7   42 U.S.C. § 12205.

8

9   Dated: June 16, 2020                    CENTER FOR DISABILITY ACCESS

10

11                                          By: /s/ Christopher A. Seabock
                                                Christopher A. Seabock
                                                Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6