SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:   714.513.5130

Attorneys for Defendant
RALPHS GROCERY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rafael Arroyo, Jr.,<br><br>          Plaintiff,<br><br>     v.<br><br>Ralphs Grocery Company, an Ohio Corporation; and Does 1-10,<br><br>          Defendants. | Case No. 8:20-cv-00729-DOC-DFM<br>Honorable David O. Carter<br><br>**DEFENDANT RALPHS GROCERY COMPANY'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>DATE: October 5, 2020<br>TIME: 8:30 a.m.<br>DEPT: 9D<br><br>Action Filed: April 13, 2020<br>Trial Date: None Set |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION. .................................................................................................... 1

II. STATEMENT OF FACTS. ....................................................................................... 1

    A. Plaintiff's *Prima Facie* Case. ........................................................................ 1

    B. Plaintiff's Self-Service Ticket And Bag Claims Fail As A Matter Of Law. ................................................................................................................ 2

    C. All Of Plaintiff's Claims Are Moot. .............................................................. 3

        1. Legal Standard. ................................................................................... 3

        2. Self-Service Tickets In Meat Section. ................................................ 5

        3. Self-Service Tickets In Deli Section. ................................................. 5

        4. Self-Service Bags In Pre-Packed Meat Section. ................................ 5

IV. CONCLUSION. ........................................................................................................ 6

-i-

SMRH:4825-9216-6346.1

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brother v. CPL Invts., Inc.*
   317 F. Supp. 2d 1358 (S.D. Fla. 2004) ............................................................. 4

*Clark v. City of Lakewood*
   259 F.3d 996 (9th Cir. 2001) ............................................................................ 3

*Gasper v. Marie Callender Pie Shops*
   2006 U.S. Dist. LEXIS 96929 (C.D. Cal. 2006) .............................................. 4

*Grove v. De La Cruz*
   407 F. Supp. 2d 1126 (C.D. Cal. 2005) ............................................................ 4

*Martinez v. Longs Drug Stores Corp.*
   281 Fed.Appx. 712, 2008 WL 2329712 (9th Cir. Jun. 5, 2008) ....................... 4

*Medical Society of New Jersey v. Herr*
   191 F. Supp. 2d 574 (D.N.J. 2002) .................................................................. 4

*Mundy v. Pro-Thro Enterprises*
   192 Cal.App.4th Supp. 1 (2011) ....................................................................... 2

*Neal v. Second Sole of Youngstown, Inc.*
   2018 WL 1740140 (N.D. Ohio 2018) .............................................................. 3

*Parr v. L&L Drive-Inn Restaurant*
   96 F. Supp. 2d 1065 (D. Haw. 2000) ........................................................... 3, 5

*Peters v. Winco Foods, Inc.*
   320 F.Supp.2d 1035 (E.D. Cal. 2004) ........................................................... 2, 3

*Peters v. Winco Foods, Inc.*
   CIV. S-02-2010-FCD-KJM (E.D. Cal. Dec. 18, 2003) .................................... 2

*Pickern v. Best Western Timber Cove Lodge Marina Resort*
   194 F. Supp. 2d 1128 (E.D. Cal. 2002) ............................................................ 4

*Renne v. Geary*
   501 U.S. 312 (1991) ......................................................................................... 4

*Reycraft v. Lee*
   177 Cal.App.4th 1211 (2009) ........................................................................... 2

-ii-
SMRH:4825-9216-6346.1
MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

*Surrey v. TrueBeginnings*
    168 Cal.App.4th 414 (2009) ....................................................................................... 2

*Troiano v. Supervisor of Elections in Palm Beach County*
    382 F.3d 1276 (11th Cir. 2004) ................................................................................. 5

*West v. Secretary of Dept. of Transp.*
    206 F.3d 920 (9th Cir. 2000) ..................................................................................... 4

*Wilson v. PFS*
    2007 WL 2429391 (S.D. Cal. 2007) .......................................................................... 5

Statutes

Americans with Disabilities Act ("ADA") .................................................................. *passim*

## I. INTRODUCTION.

Plaintiff Rafael Arroyo ("Plaintiff") -- a serial litigant -- has brought this form lawsuit against Ralphs Grocery Company ("Defendant") alleging that the Food 4 Less store located at 914 W. Orangethorpe Avenue, Fullerton, California violates the Americans with Disabilities Act ("ADA").[1]  In particular, Plaintiff alleges that: (1) the self-service tickets in the meat and deli sections are too high; and (2) the self-service bags in the pre-packed meat section are too high.

As explained below, the Court should grant Defendant's motion for summary judgment for several, independent reasons.  First, self-service items, such as the tickets and bags, are not covered by the ADA.  Second, even if Plaintiff's ticket and bag claims were legally viable, they should be dismissed as moot as the tickets and bags have been lowered.

## II. STATEMENT OF FACTS.

### A. Plaintiff's Allegations.

Plaintiff is a professional litigant who has filed over 400 ADA lawsuits.  (List of Plaintiff's ADA lawsuits, attached as Exhibit A to Chilleen Decl.).  In this form lawsuit, Plaintiff alleges that the subject store violates the AD because: (1) the self-service tickets in the meat and deli sections are too high; and (2) the self-service bags in the pre-packed meat section are too high.  [SUMF1] (FAC ¶¶ 9-12).

## III. ARGUMENT.

### A. Plaintiff's *Prima Facie* Case.

In order to establish a *prima facie* case for injunctive relief under the ADA, Plaintiff must show that: (1) Plaintiff is a qualified individual with a disability; (2) Defendant owns, leases, or operates a place of public accommodation; (3) the place of public accommodation is in violation of one or more construction-related

---

[1] The Court declined supplemental jurisdiction over Plaintiff's state-law claim. (Docket 15).

accessibility standards; and (4) the violations denied Plaintiff full and equal access to the place of public accommodation. *See, e.g., Surrey v. TrueBeginnings*, 168 Cal.App.4th 414 (2009); *Mundy v. Pro-Thro Enterprises*, 192 Cal.App.4th Supp. 1 (2011); *Reycraft v. Lee*, 177 Cal.App.4th 1211 (2009).

### B. Plaintiff's Self-Service Ticket And Bag Claims Fail As A Matter Of Law.

It is well established that reach range requirements do not apply to self-service items on shelves or display units such as self-service tickets in the deli and meat sections or the self-service bags in the pre-packed meat section.

> "Shelves or display units allowing self-service by customers in mercantile occupancies shall be located on an accessible route complying with 4.3.  Requirements for accessible **reach range do not apply**."

(1991 ADAAG § 4.1.3(12)).

> "Self-service shelves shall be located on an accessible route complying with 402.  Self-service shelving **shall not be required to comply with 308.**"

(2010 ADAAG § 225.2.2; 2016 CBC § 11B-225.2.2).

The following cases are illustrative. In *Peters v. Winco Foods, Inc.*, 320 F.Supp.2d 1035 (E.D. Cal. 2004), the plaintiff alleged the height of the meat and deli counters and the height of the produce scales were too high in violation of the ADA.  The court first noted that meat and deli counters were not covered by the ADA. *Id*. at 1038.  In addition, the court found that the produce scale was not covered by the ADA.  The court explained that the scoping requirements of the ADA did not specifically address produce scales.  The court then reasoned that since self-service shelves for produce were not covered by the ADA, it would make no sense to conclude that a produce scale was covered since the produce itself did not have to be accessible.  *Peters v. Winco Foods, Inc.*, CIV. S-02-2010-FCD-KJM, *8

-2-

(E.D. Cal. Dec. 18, 2003); *Peters v. Winco Foods, Inc.*, 320 F.Supp.2d 1035, 1038 (E.D. Cal. 2004) ("Defendant persuasively argued that the court should find the scale to be outside the scope of the ADA by drawing analogy to merchandise shelves and displays, which are not covered by the ADA").

In *Neal v. Second Sole of Youngstown, Inc.*, 2018 WL 1740140 (N.D. Ohio 2018), the court rejected the plaintiff's argument that merchandise in a store had to be within ADA reach ranges:

> "Finally, Plaintiff Neal's expert also indicates that merchandise in the store is displayed too high for wheelchair-bound patrons to reach…The ADA regulations exempt self-service shelving from their reach-range requirements. As Department of Justice's guidance manual for small business owners explains: 'Shelves and counters must be on an accessible route with enough space to allow customers using mobility devices to access merchandise. However, shelves may be of any height since they are not subject to the ADA's reach range requirements."

*Id.* at *9.

Likewise, in this case, the self-service tickets and bags are outside the scope of the ADA.

### C. All Of Plaintiff's Claims Are Moot.

#### 1. Legal Standard.

Mootness is a jurisdictional defect that can be raised at any time by the parties or the court *sua sponte*." *Parr v. L&L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000). A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001). "The question is whether there

can be any effective relief." *West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000). "Past exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." *Renne v. Geary*, 501 U.S. 312, 320-21 (1991). "This requisite ensures that the courts are able to grant effective relief, rather than rendering advisory opinions." *Medical Society of New Jersey v. Herr*, 191 F. Supp. 2d 574, 581 (D.N.J. 2002).

It is well-established that a defendant's remedial efforts will render a plaintiff's access claims for injunctive relief moot:

> "The only remedy available for a violation of the Americans with Disabilities Act under a private right of action is injunctive relief. Accordingly, if no ADA violations exist at the time the court is asked to provide injunctive relief, the ADA claim is moot because there is no basis for relief and there is nothing for the court to order the facility to change."

*Gasper v. Marie Callender Pie Shops*, 2006 U.S. Dist. LEXIS 96929, *4 (C.D. Cal. 2006).

For these reasons, courts routinely dismiss access claims as moot when defendants modify noncompliant items. *See*, *e.g.*, *Brother v. CPL Invts., Inc.*, 317 F. Supp. 2d 1358 (S.D. Fla. 2004) (holding that the defendant's modifications to the hotel rendered the plaintiffs' barrier claims moot); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005) (holding that the defendants' modifications to the restroom rendered the plaintiff's access claims moot); *Martinez v. Longs Drug Stores Corp.*, 281 Fed.Appx. 712, *714, 2008 WL 2329712, *1 (9th Cir. Jun. 5, 2008) (upholding district court's dismissal of access claims as moot because the defendant had remedied all barriers); *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1130 (E.D. Cal. 2002) ("Plaintiff concedes, as she must, that defendants' latest remedial efforts have rendered her ADA claim for

injunctive relief moot."); *Wilson v. PFS*, 2007 WL 2429391, **1-2 (S.D. Cal. 2007) (holding that the defendant's modifications to its restaurant rendered the plaintiff's access claims moot); *Parr v. L&L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000) (dismissing plaintiff's access claims as moot because alleged violations had been corrected); *Troiano v. Supervisor of Elections in Palm Beach County*, 382 F.3d 1276, 1286 (11th Cir. 2004) (holding that defendant county's voluntary installation of audio devices in all voting precincts rendered the access class action by visually-impaired registered voters moot).

### 2. **Self-Service Tickets In Meat Section.**

*Assuming arguendo* that self-service tickets are covered by the ADA (they are not), Plaintiff's ticket claim is moot. The reach ranges under the ADA are 48 inches maximum. *See* 2010 ADA §§ 308.2 and 308.3. The self-service tickets in the meat section are currently mounted at less than 48 inches above the ground. [SUMF 2] (McKinney Decl. ¶2; Exhibit A to McKinney Decl.). Thus, this claim is moot.

### 3. **Self-Service Tickets In Deli Section.**

*Assuming arguendo* that self-service tickets are covered by the ADA (they are not), Plaintiff's ticket claim is moot. The reach ranges under the ADA are 48 inches maximum. *See* 2010 ADA §§ 308.2 and 308.3. The self-service tickets in the deli section are currently mounted at less than 48 inches above the ground. [SUMF 3] (McKinney Decl. ¶3; Exhibit B to McKinney Decl.). Thus, this claim is moot.

### 4. **Self-Service Bags In Pre-Packed Meat Section.**

*Assuming arguendo* that self-service bags are covered by the ADA (they are not), Plaintiff's bag claim is moot. The reach ranges under the ADA are 48 inches maximum. *See* 2010 ADA §§ 308.2 and 308.3. The self-service bags in the pre-packed meat section are currently mounted at less than 48 inches above the ground. [SUMF 4] (McKinney Decl. ¶4; Exhibit C to McKinney Decl.). Thus, this claim is moot.

## IV. CONCLUSION.

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's motion for summary judgment and dismiss Plaintiff's lawsuit in its entirety.

Dated: September 4, 2020

                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                By      */s/ Michael J. Chilleen*
                          MICHAEL J. CHILLEEN
                          Attorneys for Defendant,
                          RALPHS GROCERY COMPANY