CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Isabel Rose Masanque, Esq., SBN 292673
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
IsabelM@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rafael Arroyo, Jr** <br><br> Plaintiff, <br><br> v. <br><br> **Ralphs Grocery Company**, an Ohio Corporation; and Does 1-10, <br><br> Defendants. | **Case:** 8:20-cv-00729-DOC-DFM <br><br> **Plaintiff's Opposition to Defendants' Motion for Summary Judgment** <br><br> Date:   October 5, 2020 <br> Time:   8:30 a.m. <br> Ctrm:   9D <br><br> Hon. Judge David O. Carter |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................... 2

   I.    PRELIMINARY STATEMENT ....................................................... 2

   II.   RELEVANT FACTS ........................................................................ 2

   III.  PLAINTIFF DOES NOT OPPOSE DEFENDANT'S MOTION ON THE GROUNDS OF MOOTNESS. ...................... 3

   IV.  DISPENSERS ARE REQUIRED TO BE WITHIN THE APPROPRIATE REACH RANGE UNDER THE ADA STANDARDS. ................................................................................ 3

   V.   CONCLUSION ................................................................................ 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Ralphs Grocery Company ('Defendant') moves for summary judgment on Plaintiff's cause of action under the Americans with Disabilities Act because Defendant has remediated the barriers alleged in Plaintiff's First Amended Complaint. Plaintiff <u>does not</u> oppose Defendant's motion on the grounds that Plaintiff's ADA claims are now moot because the barriers were removed after this lawsuit was filed. However, Defendant also moves for summary judgment on the basis that Plaintiff's ADA claims lacked merit. Plaintiff <u>does</u> oppose Defendant's motion on this basis.

## II. RELEVANT FACTS

Plaintiff Rafael Arroyo, Jr. is a paraplegic. He cannot walk. He uses a wheelchair for mobility.[1] The Food 4 Less ('Store') is located at or about 914 W. Orangethorpe Avenue, Fullerton, California.[2] On March 6, 2020, Mr. Arroyo went to the Store to shop.[3] As he approached the meat and deli department, Mr. Arroyo saw that there was a ticket dispenser for customers to take a ticket to get in line to place an order. However, the ticket dispenser was placed too high for him to reach.[4] He also saw that the bag dispensers at the pre-packed meat section were placed too high for him to reach.[5]

On April 4, 2020, Randall Marquis, an investigator for the plaintiff,

---

[1] Ex. 1 (Decl. Arroyo), ¶ 2.
[2] Ex. 1 (Decl. Arroyo), ¶ 3; Ex. 4 (Decl. Marquis), ¶ 2.
[3] Ex. 1 (Decl. Arroyo), ¶ 3; Ex. 2 (Copy of Receipt); Ex. 3 (Photos by Arroyo).
[4] Ex. 1 (Decl. Arroyo), ¶ 5; Ex. 3 (Photos by Arroyo).
[5] Ex. 1 (Decl. Arroyo), ¶ 6; Ex. 3 (Photos by Arroyo).

1  conducted an investigation of the Restaurant.[6] During his investigation,
2  Mr. Marquis measured the deli counter to be approximately 52 inches
3  high.[7] He found that the ticket dispenser was placed above the deli counter
4  and was located approximately 60 inches high.[8] The meat counter
5  measured approximately 54 inches high.[9] Mr. Marquis found that the
6  ticket dispenser was placed above the meat counter and was located
7  approximately 63 inches high.[10] He measured the bags dispenser above
8  the packed meat to be approximately 72 inches high.[11]

### III. PLAINTIFF DOES NOT OPPOSE DEFENDANT'S MOTION ON THE GROUNDS OF MOOTNESS.

As indicated above, Plaintiff <u>does not</u> oppose Defendant's motion on the grounds that Plaintiff's ADA claims are now moot because the barriers were removed after this lawsuit was filed.

### IV. DISPENSERS ARE REQUIRED TO BE WITHIN THE APPROPRIATE REACH RANGE UNDER THE ADA STANDARDS.

The defense further contends that Plaintiff's complaints regarding out-of-reach ticket and bag dispensers are not actionable. Defense asserts that the bag and ticket dispensers are outside the scope of the ADA, comparing it to "shelves or display units," and applying the wrong ADA guideline: "Shelves or display units allowing self-service by customers in

---

[6] Ex. 4 (Decl. Marquis), ¶¶ 2 & 3. Ex. 5 (Photos by Marquis).
[7] Ex. 4 (Decl. Marquis), ¶ 4. Ex. 5 (Photos by Marquis).
[8] Ex. 4 (Decl. Marquis), ¶ 5. Ex. 5 (Photos by Marquis).
[9] Ex. 4 (Decl. Marquis), ¶ 6. Ex. 5 (Photos by Marquis)
[10] Ex. 4 (Decl. Marquis), ¶ 7. Ex. 5 (Photos by Marquis).
[11] Ex. 4 (Decl. Marquis), ¶ 8. Ex. 5 (Photos by Marquis).

mercantile occupancies shall be located on an accessible route complying with 4.3. Requirements for accessible reach range do not apply."[12] However, this subsection is not applicable to the store's ticket and bag dispensers, which are not displays, nor are they shelves. Instead, defense should have applied the next section of the ADAAG: 4.1.3 (13): "Controls and operating mechanisms in accessible spaces, along accessible routes, or as parts of accessible elements (for example, light switches and **dispenser controls**) shall comply with 4.27."[13]

ADAAG 4.27 dictates height and control allowances:

> 4.27.3* Height. The highest operable part of controls, dispensers, receptacles, and other operable equipment shall be placed within at least one of the reach ranges specified in 4.2.5 and 4.2.6… 4.27.4 Operation. Controls and operating mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate controls shall be no greater than 5 lbf (22.2 N). (ADAAG 4.27)

As can be clearly seen when analyzing ADAAG 4.1.3(13) and 4.27, these regulations apply to operating mechanisms, such as the grocery store's ticket and bag dispensers, as opposed to 4.1.2(12). The ADAAG dictates height and operable control. Further, the Technical Assistance Manual to Title III provides valuable insight. "All controls in accessible areas *must comply with reach requirements* and must be operable with one hand

---

[12] *See* Dkt. No. 28-1 (Defense brief) pg. 2, lines 10-13; 1991 ADAAG 4.1.3(12)(b).
[13] ADAAG 4.1.3 (13)(emphasis added).

without tight grasping, pinching, or twisting of the wrist."[14] Compare that the defense analysis: "Self-service shelves shall be located on an accessible route complying with 402. Self-service shelving shall not be required to comply with 308."[15] The ticket and bag dispensers at issue are clearly not display or storage shelves, and defense's contention fails.

As the bag and ticket dispensers are not remotely akin to a storage or display shelf, or a frozen food counter, but are instead operable mechanisms dispensing tickets and bags on an accessible route, ADAAG 1991 Standards §§ 4.1.3(13) and 4.27 control. Thus, defense's argument necessarily fails as the ADAAG has more precise regulations applicable to the dispensers at issue.

## V. CONCLUSION

For the foregoing reasons, Plaintiff <u>does not</u> oppose Defendant's motion on the grounds that Plaintiff's ADA claims are now moot because the barriers were removed after this lawsuit was filed. However, Plaintiff <u>does</u> oppose Defendant's motion on the basis that Plaintiff's ADA claims did not lack merit.

Dated: September 14, 2020     CENTER FOR DISABILITY ACCESS

By: <u>/s/ Isabel Rose Masanque</u>
Isabel Rose Masanque
Attorneys for Plaintiff

---

[14] §8-2.400D AMERICANS WITH DISABILITIES ACT TITLE III TECHNICAL ASSISTANCE MANUAL [WITH 1994 SUPPLEMENT], DOJML COMMENT 8-2.400D; §4.1.3(13).

[15] See Dkt. No. 28-1, Defense Brief, pg. 2 lines 15-17.