SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:  714.513.5130

Attorneys for Defendant
RALPHS GROCERY COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rafael Arroyo, Jr.,<br><br>           Plaintiff,<br><br>     v.<br><br>Ralphs Grocery Company, an Ohio Corporation; and Does 1-10,<br><br>           Defendants. | Case No. 8:20-cv-00729-DOC-DFM<br>Honorable David O. Carter<br><br>**DEFENDANT RALPHS GROCERY COMPANY'S REPLY BRIEF IN SUPPORT OF SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>DATE:  October 5, 2020<br>TIME:  8:30 a.m.<br>DEPT:  9D<br><br>Action Filed:  April 13, 2020<br>Trial Date:  None Set |

## I. INTRODUCTION.

Plaintiff concedes that the Court should grant Defendant's motion for summary judgment on the grounds of mootness. However, Plaintiff wants to avoid a ruling that his self-service ticket and bag claims are not legally viable so he can continue to file hundreds of ADA lawsuits to try to extort monetary settlements based on frivolous claims. The Court should not tolerate Plaintiff's gamesmanship.

## II. ARGUMENT

### A. Plaintiff's Self-Service Ticket And Bag Claims Fail As A Matter Of Law.

As explained in Defendant's moving papers, reach range requirements do not apply to self-service items on shelves or display units such as bags or tickets in a meat, deli, or produce department. (1991 ADAAG §4.1.3(12); 2010 ADAAG § 225.2.2; 2016 CBC § 11B-225.2.2; *Peters v. Winco Foods, Inc.*, 320 F.Supp.2d 1035, 1038 (E.D. Cal. 2004) ("Defendant persuasively argued that the court should find the [produce] scale to be outside the scope of the ADA by drawing analogy to merchandise shelves and displays, which are not covered by the ADA"); *Neal v. Second Sole of Youngstown, Inc.*, 2018 WL 1740140, *9 (N.D. Ohio 2018) ("The ADA regulations exempt self-service shelving from their reach-range requirements. As Department of Justice's guidance manual for small business owners explains: 'Shelves and counters must be on an accessible route with enough space to allow customers using mobility devices to access merchandise. However, shelves may be of any height since they are not subject to the ADA's reach range requirements").

Plaintiff argues that 1991 ADAAG §§ 4.1.3(13) and 4.27 apply. Plaintiff is wrong for several independent reasons. First, Plaintiff conveniently fails to cite 1991 ADAAG § 4.27.1 which limits the application of §§ 4.27.3, and states that: "controls and operating mechanisms *required to be accessible by 4.1* shall comply with 4.27." Nowhere does Section 4.1 require bags or tickets to be accessible. To the contrary, Section 4.1.3(12) reads as follows:

-1-

> "Shelves or display units allowing self-service by customers in mercantile occupancies shall be located on an accessible route complying with 4.3.  Requirements for accessible **reach range do not apply**."
>
> (1991 ADAAG § 4.1.3(12)).

Second, and more fundamentally, the 1991 ADAAG standards have been superseded by the 2010 ADA Standards.  It goes without saying that Plaintiff cannot rely upon superseded standards.  Tellingly, Plaintiff is unable to cite to any current accessibility standards to support his legally untenable position.

Finally, Plaintiff's argument is nonsensical.  Plaintiff concedes that merchandize and other items placed on shelves or display units do not have to comply with accessible reach range requirements.  Plaintiff does not explain why tickets placed on a meat display case or bags in a pre-packed meat section must meet these requirements when all other items and merchandize are exempt.

Thus, Plaintiff's self-service ticket and bag claims fail as a matter of law.

## III.  CONCLUSION.

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's motion for summary judgment and dismiss Plaintiff's lawsuit in its entirety with prejudice.

Dated:  September 21, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ Michael J. Chilleen*
MICHAEL J. CHILLEEN
Attorneys for Defendant,
RALPHS GROCERY COMPANY